IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:10-cr-156 |
| Christeena Janell Barker, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Christeena Janell Barker moves for a sentence reduction for a second time. Doc. 292. The United States opposes the motion. Doc. 298. Barker seeks a reduction in her sentence based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("FSA"). For the reasons below, the motion is denied.

I.      BACKGROUND

On October 26, 2011, Barker was sentenced to 276 months' imprisonment for conspiracy to possess with intent to distribute and distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Doc. 213. The Bureau of Prisons ("BOP") has now placed Barker at FMC Carswell. Now 56 years old, Barker has a projected release date in September 2029. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 20, 2023). As grounds for release, Barker cites many severe health conditions, including cancer. Doc. 307; Doc. 308. She submitted a request for compassionate release to the warden in December 2022, but the warden did not respond. Doc. 292-3.

II.     DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and

the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors also must support the reduction. Id. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

> A. **Administrative Exhaustion**

With the enactment of the FSA, federal courts may grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Barker has exhausted her administrative rights (Doc. 292-3), so the Court will proceed to the merits.

> B. **Extraordinary and Compelling Reasons**

The compassionate release statute does not define what constitutes "extraordinary and compelling reasons." Instead, Congress dictated that the Sentencing Commission, through a policy statement, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including . . . a list of specific examples." 28 U.S.C. § 994(t). To meet its statutory obligation, the Commission promulgated § 1B1.13 in the 2018 Sentencing Guidelines Manual ("USSG"). The policy statement itself largely mirrors the compassionate release statute's language. See USSG § 1B1.13(1)-(3).

Application Note 1 to the policy statement provides limited guidance as to what constitutes "extraordinary and compelling reasons." So long as a defendant does not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," the Application Note

---

[1] In lieu of extraordinary and compelling reasons, the statute also permits a sentence reduction where a defendant is at least 70 years old and certain additional conditions are met. See 18 U.S.C. § 3582(c)(1)(A)(ii). Barker is 56 years old, so this avenue for relief is foreclosed.

describes four instances that demonstrate extraordinary and compelling reasons for compassionate release. USSG § 1B1.13(2); id. app. n.1. The first three circumstances set out in subdivisions (A) through (C) pertain to a defendant's medical condition, age, or family circumstances, respectively. See id. app. n.1(A)-(C). Subdivision (D)—the catch-all provision—authorizes a sentence reduction when: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. app. n.1(D).

Because § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), the guideline (and specifically subdivision (D)) by its terms is limited to motions filed by the BOP. However, consistent with United States v. Marcussen, 15 F.4th 855 (8th Cir. 2021), the Court will treat § 1B1.13 as a useful guide in determining how to exercise its discretion, while also recognizing that it has the authority to grant a reduction even in circumstances that do not comport with the terms of that provision.

Turning to the substance of her motion, Barker argues extraordinary and compelling reasons exist under subdivision (A). And it is evident from the record that Barker does suffer from some serious medical conditions that may establish extraordinary and compelling reasons for a sentence reduction. But while sympathetic to Barker's medical conditions, the Court need not decide whether extraordinary and compelling reasons exist here because her motion ultimately falls short on the 18 U.S.C. § 3553(a) factor analysis. See United States v. Hylander, No. 18-cr-60017-BLOOM, 2020 WL 1915950, at *2-3 (S.D. Fla. Apr. 20, 2020) (denying compassionate release where 66-year-old defendant had two underlying conditions but failed to show that he did not pose a danger and that § 3553(a) supported release); United States v. Moskop, No. 11-CR-30077-SMY, 2020 WL 1862636, at *2 (S.D. Ill. Apr. 14, 2020) (denying compassionate release where 72-year-old defendant had chronic medical conditions but § 3553(a) counseled against release).

### C. Additional Requirements

Even if extraordinary and compelling reasons were present, the Court is still not satisfied that Barker's release is consistent with the 18 U.S.C. § 3553(a) sentencing factors. As discussed in the order denying Barker's first motion to reduce sentence, at sentencing, she was designated as a career offender and in criminal history category VI—the highest category possible. Her record contains multiple violent offenses and demonstrates a consistent inability to remain law-abiding, including while under court-imposed supervision. Significantly, the instant offense occurred while she was on state probation. Accounting for time served and good conduct time, Barker still has more than six years of her sentence left to serve. Ultimately, the need to protect the public, ensure just and adequate punishment, promote deterrence, and avoid unwarranted sentencing disparities outweighs any factor Barker may rely on to justify compassionate release. The applicable § 3553(a) factors, taken as a whole, therefore favor continued incarceration.

## III. CONCLUSION

The Court has reviewed the entire record, the parties' filings, and the relevant legal authority. For the reasons above, Barker's motion to reduce sentence (Doc. 292) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of October, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court